Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiffs*
*E-Hose Technologies LLC and*
*PhD Marketing, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-HOSE TECHNOLOGIES LLC, a California Limited Liability Company; and PhD MARKETING, INC., a California Corporation,<br><br>               Plaintiffs,<br><br>      v.<br><br>SUPER NOVA DISTRIBUTION, INC., a California Corporation dba PLATINUM E HOOKAH; and DOES 1-10, inclusive,<br><br>               Defendant. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT**<br><br>**2. FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS;**<br><br>**3. UNFAIR COMPETITION IN VIOLATION OF CA BUS. & PROF. CODE § 17200, et seq.**<br><br>**4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiffs PhD Marketing, Inc. and E-Hose Technologies LLC,** for their claims against **Defendant Super Nova Distribution, Inc. dba Platinum E Hookah,** respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiffs file this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of the State of California.  This Court has subject matter jurisdiction over the Federal trademark infringement claims under 28 U.S.C. §§ 1331, 1338(a).

2.     This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as E-Hose Technologies LLC's Lanham Act claims.

3.     This Court has personal jurisdiction over Defendant because Defendant does business in this judicial district.

4.     This action arises out of wrongful acts by Defendant within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff PhD Marketing, Inc, is a corporation duly organized and existing under the laws of the State of California with its principal place of business at 1373 Ridgeway Street, Pomona, California 91768.

6.     Plaintiff E-Hose Technologies LLC ("E-Hose") is a limited liability company duly organized under the laws of the State of California with its principal place of business at 1373 Ridgeway Street, Pomona, California 91768.

7.     Upon information and belief, Defendant Super Nova Distribution, Inc. is a corporation duly organized and existing under the laws of the State of California and doing business as Platinum E Hookah, with an office and principal place of business located at 8166 14th Avenue, Suite J, Sacramento, California 95826.

8.     Plaintiffs are unaware of the names and true capacities of Defendant, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will

1   seek leave to amend this complaint when their true names and capacities are

2   ascertained.  Plaintiffs are informed and believes, and based thereon alleges, that said

3   Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the

4   wrongs alleged herein, and that at all times referenced each was the agent and servant

5   of the other Defendants and was acting within the course and scope of said agency and

6   employment.

7         9.      Plaintiffs are informed and believes, and based thereon allege, that at all

8   relevant times herein, Defendant knew or reasonably should have known of the acts

9   and behavior alleged herein and the damages caused thereby, and by his inaction

10  ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendant

11  had a non-delegable duty to prevent or cause such acts and the behavior described

12  herein, which duty Defendant failed and/or refused to perform.

13               **<u>BACKGROUND FACTS RELEVANT TO ALL CAUSES OF ACTION</u>**

14        A.      **E-Hose Technologies and Plaintiffs' E-Hose Marks**

15        10.     Since 2013, E-Hose has been engaged in the design, distribution, and sale

16  of electronic smoking products, including electronic cigarettes and hookahs.

17        11.     Since its introduction in January 2013, E-hose's "E-HOSE," an electronic

18  portable hookah, quickly gained popularity as result of its engineering and design.

19        12.     The E-HOSE® patented design uses two flavor cartridges in a large

20  device and allows for those two cartridges to be used at once. This technique delivers

21  more vapor, more flavor, and a means to mix and match flavors.

22        13.     The E-HOSE is built with durability and longevity in mind without

23  sacrificing quality and aesthetic appeal.

24        14.     The E-HOSE has received much unsolicited media attention in its trade

25  and was featured in Akon's new music video and Kid Ink's Show Me music video

26  featuring Chris Brown.

27        15.     E-Hose and/or PhD Marketing own and/or are the duly authorized

28  licensees of the following trademarks shown below ("E-Hose Marks"):

| Trademark | U.S. Reg./Serial No. | Class(es)/Goods |
|---|---|---|
| **E-HOSE** | 4,463,945 | Chemical flavorings in liquid form contained within a cartridge used to refill electronic cigarettes |
| **E-HOSE** | 4,456,664 | Cigarette tubes; Electric cigarettes; Electronic cigarette refill cartridges sold empty; Electronic cigars; Electronic hookahs; Hookah parts, namely, tube and hose; Hookah tobacco; Hookahs; Smokeless cigarette vaporizer pipe; Smoker's articles, namely, hookah charcoal. |
| SQUARE | 4, 005,820 | Electric cigarettes ; Electric cigars ; Electric smoking pipes. |
|  | 85/831231 | Electric cigarettes; Electronic cigarettes; Electronic cigars; Electronic hookahs |

16.    E-Hose has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the E-Hose Marks.

17.    E-Hose has extensively used, advertised and promoted the E-Hose Marks in the United States in association with the sale of electronic smoking devices, including e-cigarettes and e-hookahs.

18.    As a result of E-Hose's efforts, members of the consuming public readily identify merchandise bearing the E-Hose Marks, as being high quality merchandise sponsored and approved by E-Hose.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

19.     All registrations for applicable intellectual property rights thereto with regards to the E-Hose Marks originally held in the name of E-Hose were licensed to PhD Marketing, Inc., on or about November 22, 2013.

**B.     Defendant's Infringing Activities**

20.     Upon information and belief, Plaintiffs hereon aver that Defendant has manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold products bearing marks substantially indistinguishable and/or confusingly similar to the E-Hose Marks ("Infringing Products").

21.     Specifically, electronic hookahs bearing counterfeit reproductions of the E-Hose Marks have been ordered from Defendant's website, www.platinumehookah.com, and received in this judicial district.

22.     Upon information and belief, Defendant has advertised, promoted, distributed, sold, and/or offered sale additional Infringing Products apart from those identified in Paragraph 21.

23.     Defendant has never been authorized by E-hose to manufacture, sell or offer for sale E-Hose products or any products bearing any of the E-Hose Marks. Moreover, Defendant has never been a licensee of E-Hose and has never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the E-Hose Marks.

24.     Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of E-hose's ownership of the E-Hose Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

25.     Defendant's above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between E-hose's genuine goods and Defendant's Infringing Products.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## **FIRST CLAIM FOR RELIEF**

### **(Federal Trademark Infringement - 15 U.S.C. § 1114)**

26.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

27.     The E-Hose Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from E-Hose.

28.     The registrations embodying the E-Hose Marks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

29.     Defendant's unauthorized use of the E-Hose Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and serves are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the E-Hose Marks.

30.     Defendant's infringing use of the E-Hose Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control their trademarks.

31.     Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiffs.

32.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with the E-Hose Marks.

33.     As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their business

1  and reputation unless Defendant is restrained by this Court from infringing Plaintiffs'
2  trademarks.

3       34.    Plaintiffs have no adequate remedy at law.

4       35.    In light of the foregoing, Plaintiffs are entitled to injunctive relief
5  prohibiting Defendant from using the E-Hose Marks, or any marks identical and/or
6  confusingly similar thereto, for any purpose, and to recover from Defendant all
7  damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a
8  result of such infringing acts, and all gains, profits and advantages obtained by
9  Defendant as a result thereof, in an amount not yet known, as well as the costs of this
10  action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to
11  15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

12  ## SECOND CLAIM FOR RELIEF
13  **(False Designation of Origin and False Designations – 15 U.S.C. §1125(a))**

14       36.    Plaintiffs incorporate herein by reference the averments of the preceding
15  paragraphs as though fully set forth herein.

16       37.    Defendant's unauthorized use of the E-Hose Marks on infringing
17  merchandise in interstate commerce and advertising relating to same constitutes false
18  designation of origin and a false representation that the goods are manufactured,
19  offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or
20  come from Plaintiffs when in fact they do not.

21       38.    Defendant's use of the E-Hose Marks is without Plaintiffs' permission or
22  authority and in total disregard of Plaintiffs' rights.

23       39.    Defendant's activities are likely to lead to and result in confusion, mistake
24  or deception, and are likely to cause the public to believe that Plaintiffs have produced,
25  sponsored, authorized, licensed or is otherwise connected or affiliated with
26  Defendant's commercial and business activities, all to the detriment of Plaintiffs.

27       40.    Plaintiffs have no adequate remedy at law.
28

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

41.     Defendant's egregious conduct in selling infringing merchandise is willful and intentional.

42.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the E-Hose Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Violation of Cal. Bus. & Prof. Code § 17200 et seq.)

43.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44.     The E-Hose Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

45.     Through prominent, long, and continuous use in commerce, including commerce within the State of California, the E-Hose Marks have become and continue to be famous and distinctive.

46.     Defendant's unauthorized use of the E-Hose Marks dilutes the distinctive quality of the E-Hose Marks and decreases the capacity of such marks to identify and distinguish Plaintiffs' products and has caused a likelihood of harm to Plaintiffs' business reputation.

47.     By the acts described above, Defendant has caused and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

48.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which he is not in law or equity entitled.

49.    Defendant is liable to Plaintiffs for all damages, whether direct or indirect, for the misappropriation of Plaintiffs' trademarks, name, reputation and goodwill, which damages are subject to trebling.

50.    Upon information and belief, Defendant intends to continue his infringing acts unless restrained by this Court.

51.    Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

52.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the E-Hose Marks, to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of Defendant's infringing acts alleged above; to recover all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known; and to recover the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

53.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54.    Plaintiffs own and enjoy common law trademark rights in the E-Hose Marks in the State of California and throughout the United States.

55.    Defendant's infringing activities in appropriating rights in Plaintiffs' common law trademarks are intended to capitalize on Plaintiffs' goodwill for the purpose of Defendant's own pecuniary gain.  Plaintiffs have expended substantial time, resources and efforts to obtain an excellent reputation for the E-HOSE brand.  As a result of Plaintiffs' efforts, Defendant is now unjustly enriched and is benefiting from intellectual property rights that rightfully and exclusively belong to Plaintiffs.

56.    Defendant's unauthorized use of the E-Hose Marks has caused and is likely to cause confusion as to the source of Defendant's Infringing Products, to the detriment of Plaintiffs.

1     57.    Defendant's acts are willful, deliberate, and intended to confuse the public

2   and/or to injure Plaintiffs.

3     58.    Defendant's acts constitute unfair competition, palming off, and/or

4   misappropriation in violation of California common law, for which Plaintiffs are

5   entitled to recover any and all remedies provided by such common law.

6     59.    Plaintiffs have been irreparably harmed and will continue to be

7   irreparably harmed as a result of Defendant's aforementioned infringing activities,

8   unless Defendant is permanently enjoined by this Court.

9     60.    The conduct herein complained of was, and continues to be, extreme,

10   outrageous, and fraudulent, and was, and continues to be, inflicted on Plaintiffs in

11   reckless disregard of Plaintiffs' common law trademark rights in the E-Hose Marks.

12   Said conduct was and continues to be harmful to Plaintiffs, and as such supports an

13   award by this Court of exemplary and punitive damages in an amount sufficient to

14   punish and make an example of Defendant and to deter Defendant from similar

15   conduct in the future.

16     61.    Plaintiffs have no adequate remedy at law.

17     62.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

18   prohibiting Defendant from using the E-Hose Marks, or marks identical and/or

19   confusingly similar thereto, for any reason; to recover all damages, including

20   attorneys' fees, that Plaintiffs have sustained and will sustain as a result of Defendant's

21   infringing acts alleged herein; to recover all gains, profits and/or advantages obtained

22   by Defendant as a result thereof, in an amount not yet known; and to recover from

23   Defendant the costs associated with this action.

24                   **PRAYER FOR RELIEF**

25     WHEREFORE, Plaintiffs respectfully prays for judgment against Defendant on

26   all claims, as follows:

27     1.     For entry of an ORDER granting temporary, preliminary and permanent

28   injunctive relief restraining and enjoining Defendant, his officers, agents, employees,

and attorneys, and all those persons or entities in active concert or participation with them from:

(a)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear the E-Hose Marks, or any other marks confusingly similar thereto;

(b)     engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiff;

(c)     engaging in any other activity that will dilute the distinctiveness of the E-Hose Marks;

(d)     committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

2.     For entry of an ORDER directing Defendant to recall from any distributors and retailers and to deliver to Plaintiffs for destruction, or other disposition, all remaining inventory of the Infringing Products, in addition to any other goods that infringe upon Plaintiffs' rights to the E-Hose Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3.     For entry of an ORDER directing Defendant to disclose its supplier(s) and manufacturer(s) of the Infringing Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Infringing Products;

4.     For entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from their infringing acts;

PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

5.   For entry of an ORDER directing Defendant to file with this Court and serve on Plaintiffs within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

6.   For an assessment of the damages suffered by Plaintiffs, trebled, and an award of all profits that Defendant has derived from using the E-Hose Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

7.   For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

8.   For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under California law; and

9.   Such other relief as may be just and proper.

Dated:        December 3, 2014        BLAKELY LAW GROUP

By:

Brent H. Blakely
Cindy Chan
Michael Marchand
*Attorneys for Plaintiffs*
*E-Hose Technologies LLC and*
*PhD Marketing, Inc.*

1

## **DEMAND FOR JURY TRIAL**

2     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

3   E-Hose Technologies LLC and PhD Marketing, Inc. hereby demand a trial by jury as

4   to all claims in this litigation.

5

6   Dated:        December 3, 2014        BLAKELY LAW GROUP

7

8                                        By: _____

9                                           Brent H. Blakely
                                            Cindy Chan
10                                           Michael Marchand
                                            *Attorneys for Plaintiffs*
11                                           *E-Hose Technologies LLC and*
                                            *PhD Marketing, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF